in the bed of Sixth avenue or Hawkstone street, is still subject to private street easements, notwithstanding said street has been legally closed.

The case is governed, as we consider, by two recent decisions, one in the Court of Appeals, and the other in this court. Barber v. Woolf, 216 N. Y. 7, 109 N. E. 868; Astor v. Thwaites, 170 App. Div. 624, 156 N. Y. Supp. 730. These cases require a reversal of the order appealed from.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order filed. All concur.

(176 App. Div. 326)

## In re HITCHCOCK'S WILL.

(Supreme Court, Appellate Division, Second Department.    October 6, 1916.)

1. PERPETUITIES &#8660;4(2)—SUSPENSION OF OWNERSHIP—VALIDITY.

   The provisions of a will suspending the ownership of the residuary estate for a period of five years and eight years was in violation of the statute, since it was quite possible for those periods to be periods longer than that of two lives in being.

   [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 5, 6; Dec. Dig. &#8660;4(2).]

2. WILLS &#8660;853—CONSTRUCTION—INVALID LIMITATION—RESIDUARY DEVISES.

   Where there is a failure of a precedent estate because of invalidity, or for any other reason, the ultimate gifts limited therein will not fail unless they are contingent or dependent for their existence upon the precedent estate; but, in such case, the precedent estate will be expunged and the ultimate gifts will be accelerated to take effect immediately upon the death of the testator.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2169; Dec. Dig. &#8660;853.]

Appeal from Surrogate's Court, Westchester County.

In the matter of the probate of the last will and testament of Clara F. Hitchcock. From a decree construing the will, certain parties appeal. Affirmed.

The opinion of the surrogate was as follows:

[1, 2] The provisions of the third and fourth paragraphs of the first codicil suspend the ownership of the residuary estate for a period of five (years and eight years. This is clearly in violation of the statute, for it is quite possible for these periods to be periods longer than that of two lives in being.

I think, however, that the gifts of the estate to the general and residuary legatees are valid.

Where there is a failure of a precedent estate because of its invalidity or for any other reason, the ultimate gifts which are limited thereby will not fail unless they are contingent or dependent for their existence upon the precedent estate. In such a case, the precedent estate will be expunged and the ultimate gifts will be accelerated to take effect immediately upon the death of the testatrix. Matter of Berry, 154 App. Div. 509, 139 N. Y. Supp. 186, affirmed 209 N. Y. 540, 102 N. E. 1099. In that case the surrogate admitted the will to probate with the exception of the tenth clause, but refused probate of that clause on the ground that it violated the statute (Consol. Laws, c. 50, § 42) relating to the suspension of the power of alienation and was therefore invalid. This clause, so far as it is pertinent, reads as follows: "Tenth. All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever nature and wherever located, I give, devise and bequeath to my executor hereinafter named, in trust, nevertheless for the following purposes, to wit: To

invest the said rest, residue and remainder in good safe securities and to pay the income therefrom for a period of five years from the date of my decease to (designating beneficiaries). * * * At the expiration of such five years from the date of my decease, my executor, as such trustee, to pay over the principal of my said residuary estate to the Lutheran Hospital."

The Appellate Division approved the ruling of the surrogate in holding the trust to be invalid because it was not measured by two lives in being but by the definite period of five years but held that the surrogate was in error in ruling that the gift over to the hospital was invalid. The court said (page 511 of 154 App. Div., page 187 of 139 N. Y. Supp.): "The enjoyment of this gift by the hospital is definitely fixed, i. e., the expiration of five years, and the person to whom it was given was in being, definitely ascertained and competent to take at the time of the death of the testator. There is nothing uncertain about it. It was a vested remainder. A future estate is vested when there is a person in being who would have an immediate right to the possession of the property on the determination of all the intermediate or precedent estate. * * * The authorities, so far as I have been able to discover, are all to the effect that a vested gift, otherwise valid, will not fail merely because it is limited to take effect at the expiration of a trust which is void under the statute of perpetuities."

For other cases, see Hawley v. James, 16 Wend. 61; Everitt v. Everitt, 29 N. Y. 39; Harrison v. Harrison, 36 N. Y. 543; Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917; Williams v. Jones, 166 N. Y. 522, 60 N. E. 240; Smith v. Chesebrough, 176 N. Y. 317, 68 N. E. 625; U. S. Trust Co. v. Hogencamp, 191 N. Y. 281, 84 N. E. 74; Brinkerhoff v. Seabury, 137 App. Div. 916, 122 N. Y. Supp. 481; affirmed without opinion 201 N. Y. 559, 95 N. E. 1123. Farley v. Secor, 167 App. Div. 80, 152 N. Y. Supp. 787.

The cases cited are authority for the upholding of the general and residuary legacies and devises in the will and codicils of the testatrix.

It is so decreed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Cadwalader, Wickersham & Taft, of New York City, for Executor Charles B. Carpenter.

William L. Rumsey, of New York City, for Executor Robert E. Farley.

Roscoe S. Conkling, of New York City, for Henry C. Reiner, objectant.

Wm. C. Beecher, of New York City, for New York Society Suppression of Vice.

Crescens Hubbard, of White Plains, for Y. M. C. A. of White Plains, N. Y.

Ambrose F. McCabe, of New York City, for White Plains Hospital Ass'n.

Lord, Day & Lord, of New York City, for Methodist Episcopal Church of Hartsdale, N. Y.

Walsh & Young, of New York City, for Hitchcock Memorial Presbyterian Church.

Cornelius J. Sullivan, of New York City, for N. Y. Soc. Prevention of Cruelty to Children.

J. Mayhew Wainwright, of New York City, for American Society for Prevention of Cruelty to Animals.

Thomas F. J. Connolly, of Port Chester, special guardian.

PER CURIAM. Decree of the Surrogate's Court of Westchester County affirmed, without costs to either party in this court, upon the opinion of the surrogate.